UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNDIAL PARTNERS, INC.,

    Plaintiff,

v.                                                          Case No: 8:15-cv-861-T-23JSS

ATLANTIC STREET CAPITAL
MANAGEMENT LLC,

    Defendant.
_____/

### ORDER ON MOTION FOR RELIEF FROM SCHEDULING ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Relief from the Court's Scheduling Order and Joint Case Management Report and to Permit the Deposition of Stephanie Davies ("Motion"). (Dkt. 45.) Plaintiff requests that the Court relieve Plaintiff from the Court's Scheduling Order to permit the deposition of Stephanie Davies. Defendant opposes this motion. (Dkt. 47.)

### BACKGROUND

Plaintiff filed this action against Defendant on April 10, 2015, for breach of an alleged oral contract or for unjust enrichment. (Dkt. 1.) Specifically, Plaintiff seeks to recover a finder's fee for an investment transaction with Defendant that Plaintiff is allegedly entitled to receive pursuant to an oral contract between the parties. (Dkt. 33.) On July 9, 2015, Defendant filed its Motion to Compel Arbitration or, in the alternative, Motion to Dismiss, seeking to compel arbitration under an arbitration provision in a written agreement between the parties ("Finder Agreement"). (Dkt. 17.) In support of the Motion to Compel Arbitration, Defendant filed a Declaration of Stephanie Davies, Defendant's former vice president, regarding the Finder Agreement. (Dkt. 18.) Plaintiff filed its Response in Opposition to the Motion to Compel Arbitration on August 12, 2015, in which

it contests the validity of the Finder Agreement, and filed a Declaration of Douglas Trottier in support of its response. (Dkt. 33, 34.)

On July 20, 2015, the parties filed a Case Management Report, in which the parties agreed not to engage in discovery until thirty days after the Court's ruling on the Motion to Compel Arbitration. (Dkt. 23.) The Court adopted the Case Management Report in its Case Management and Scheduling Order dated July 21, 2015. (Dkt. 25.) On August 31, 2015, the Court referred Defendant's Motion to Compel Arbitration to the undersigned for an evidentiary hearing and report and recommendation, finding that "facts material to the arbitrability of this action are in dispute." (Dkt. 43.) The evidentiary hearing is scheduled for November 17, 2015. (Dkt. 49.)

In the Motion, Plaintiff seeks relief from the Case Management and Scheduling Order, contending that, although the parties agreed to stay discovery, the deposition of Ms. Davies is necessary for Plaintiff to prepare for the evidentiary hearing, as Ms. Davies is a material witness for the defense and the only individual with knowledge regarding the conversations held between the parties regarding the Finder Agreement upon which the Motion to Compel Arbitration is based. In response, Defendant argues that Plaintiff fails to show good cause to be excused from the Case Management and Scheduling Order and the discovery Plaintiff seeks would frustrate the application of the Federal Arbitration Act and the parties' agreement to avoid discovery.

**APPLICABLE STANDARDS**

District courts enjoy broad discretion in deciding how best to manage the cases before them, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes the discretion to resolve discovery matters. *Lee v. Etowah Cty. Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir. 1992). However, a court's scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes

modification unless the schedule cannot be met despite the diligence" of the moving party. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation marks omitted).

In cases governed by the Federal Arbitration Act ("FAA"), courts must balance the underlying purpose of the FAA against the particular issue before the court. It is well-established that the purpose of the FAA was "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179, (11th Cir. 1981). As such, "[a]rbitration proceedings are summary in nature to effectuate the national policy of favoring arbitration, and they require expeditious and summary hearing, with only restricted inquiry into factual issues." *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747–48 (11th Cir. 1988).

The court can only compel arbitration when the parties have agreed to arbitrate their dispute. *Chastain v. Robinson–Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992). Thus, before determining whether to compel arbitration, the court must first determine whether the parties agreed to arbitrate their dispute. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *see also Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 853–54 (11th Cir. 1992) (stating that if the validity of the agreement to arbitrate is in issue, then a district court must decide if the arbitration clause is enforceable against the parties). If the validity or enforceability of an arbitration agreement is challenged, the party disputing the validity of the agreement to arbitrate must substantiate its denial of the agreement "with enough evidence to make the denial colorable." *Chastain*, 957 at 855; *see also Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993) (stating that a party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer "some evidence" to substantiate the

denial). When factual disputes arise and the written record contains an inadequate basis for the court to resolve such factual disputes, an evidentiary hearing may be held. *Alan v. Paxson Commc'ns Corp.*, 239 F. App'x 475, 479 (11th Cir. 2007); *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1207 (11th Cir. 2001) (finding that "[i]n the face of two plausible interpretations of evidence submitted to demonstrate a contested issue, the district court is not at liberty to accept one construction of the evidence and reject the other without the benefit of an evidentiary hearing").

## ANALYSIS

Under the circumstances presented, the Court finds that good cause exists to allow the depositions of the witnesses who are expected to testify at the evidentiary hearing. Upon review of the pleadings and declarations filed in this case, the Court found a genuine factual dispute regarding the existence of an arbitration agreement in this case, specifically stating that Plaintiff "has substantiated the denial of the contract with enough evidence to make the denial colorable," and found that an evidentiary hearing is necessary to resolve this factual dispute before determining whether to compel arbitration. (Dkt.43.)

Resolution of pretrial motions that turn on findings of fact, such as motions to dismiss for lack of personal jurisdiction, may require some limited discovery before a meaningful ruling can be made. *Chudasama*, 123 F.3d at 1367. Here, the Motion to Compel Arbitration is predicated on a factual dispute, and the ensuing evidentiary hearing necessitates the presentation of evidence and testimony regarding facts material to the arbitrability of this action. Therefore, the parties should be afforded the opportunity to fairly examine the witnesses who will testify at the evidentiary hearing. *See Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1342 (11th Cir. 2002) (finding that discovery would have been needed as to the issues raised

and the evidence presented at an evidentiary hearing); *Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*, No. 14-24385-CIV, 2015 WL 3539811, at *3 (S.D. Fla. Mar. 25, 2015) (allowing limited discovery on issue of whether the parties entered into an agreement to arbitrate); *Hidrocarburos y Derivados, C.A. v. Lemos*, 453 F. Supp. 160, 178 (S.D.N.Y. 1977) (finding that an evidentiary hearing was necessary regarding a party's obligation to arbitrate and that the evidentiary hearing was to be "preceded, in case of need, by appropriate discovery"). However, the examination of these witnesses shall be limited to the matters encompassed in the declarations filed with the Court. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1419, 89 L. Ed. 2d 648 (1986) (stating that when a court considers arbitrability, it "is not to rule on the potential merits of the underlying claims"). Accordingly, it is

    **ORDERED**:

1. Plaintiff's Motion for Relief from the Court's Scheduling Order and Joint Case Management Report and to Permit the Deposition of Stephanie Davies (Dkt. 45) is **GRANTED**.

2. The parties must exchange the witness lists and exhibit lists that will used by each party at the evidentiary hearing by October 23, 2015.

3. Discovery is permitted for the limited purpose of conducting depositions of Ms. Stephanie Davies and Mr. Douglas Trottier. The depositions are limited to the matters encompassed in Ms. Davies' and Mr. Trottier's declarations (Dkt. 18, 34).

    **DONE** and **ORDERED** in Tampa, Florida on October 19, 2015.

    JULIE S. SNEED
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record