UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNDIAL PARTNERS, INC.,

    Plaintiff,

v.                                        Case No: 8:15-cv-861-T-23JSS

ATLANTIC STREET CAPITAL
MANAGEMENT LLC,

    Defendant.
_____/

## ORDER ON JOINT MOTION TO STAY CASE DEADLINES

THIS MATTER is before the Court on the parties' Joint Motion to Stay Case Management Deadlines and Continue Proceedings. (Dkt. 62.) In the motion, the parties request the Court to stay all remaining case deadlines and continue proceedings pending the resolution of Defendant's Motion to Compel Arbitration, Alternative Motion to Dismiss. (Dkt. 17.) For the reasons that follow, the joint motion is granted.

Plaintiff, Sundial Partners, Inc., filed this action against Defendant, Atlantic Street Capital Management LLC, on April 10, 2015. (Dkt. 1.) On July 9, 2015, Defendant filed a Motion to Compel Arbitration, Alternative Motion to Dismiss. (Dkt 17.) Shortly thereafter, the parties filed their Case Management Report, which included a stipulation by both parties to not engage in discovery until after the resolution of Defendant's Motion to Compel Arbitration. (Dkt. 23.) The Court issued its Case Management and Scheduling Order the following day, adopting the proposed deadlines in the Case Management Report and imposing the following deadlines: discovery deadline of March 1, 2016; dispositive motions deadline of April 4, 2016; pretrial conference on June 9, 2016; and a trial term of July 2016. (Dkt. 25.) On August 31, 2015, the Court referred Defendant's Motion to Compel Arbitration to the undersigned for an evidentiary hearing and for

a report and recommendation. (Dkt. 43.) Thereafter, the undersigned held an evidentiary hearing and issued its Report and Recommendation on January 8, 2016, recommending that Defendant's motion be granted and the case be stayed pending arbitration. (Dkt. 56.)

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, a court may stay discovery if the movant demonstrates good cause and reasonableness. Fed. R. Civ. P. 26(c); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). A court may stay discovery pending resolution of a motion to compel arbitration. *See, e.g., Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011); *O.N. Equity Sales Co. v. Merkel*, No. 2:07-cv-531-FtM-29DNF, 2008 WL 380573, at *1 (M.D. Fla. Feb. 11, 2008). Such a stay may be warranted because "participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate." *Harrell's*, 2011 WL 1596007, at *2. Additionally, permitting discovery to proceed in a case that may be subject to arbitration could "frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion." *Niven v. Dean Witter Reynolds, Inc.*, No. 84-1594, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985).

In light of the foregoing, the Court finds that the parties have demonstrated good cause to suspend the case management deadlines in this matter pending resolution of the Motion to Compel


Arbitration.  Accordingly, it is

**ORDERED** that the parties' Joint Motion to Stay Case Management Deadlines and Continue Proceedings (Dkt. 62) is **GRANTED.**  The deadlines set forth in the Court's Case Management and Scheduling Order are suspended until after the Court's ruling on Defendant's Motion to Compel Arbitration.

**DONE** and **ORDERED** in Tampa, Florida on March 2, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record